UNITED STATES, Appellee

v

RORY H. REITZ, Private, U. S. Marine Corps, Appellant

No. 27,287

February 8, 1974

*Lieutenant Stephen T. Myking,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Captain D. F. Hagans, II,* USMCR.

*Lieutenant Thomas L. Earp,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel G. L. Bailey,* USMC.

## OPINION OF THE COURT

DUNCAN, Chief Judge:

Placed in pretrial confinement on April 24, 1973, the accused was not brought to trial until July 28, 1973, some 95 days later.[1] Based on our decision in United States v Burton, 21 USCMA 112, 44 CMR 166 (1971), trial defense counsel moved for dismissal of the charges for lack of speedy prosecution. The military judge denied the motion on the basis that the accused had been provided with counsel during his pretrial confinement and that he had made no pretrial objections to the delay.

The trial counsel urged that the motion be denied on the grounds that his office suffered a heavy work load during the period in question and lacked sufficient clerical personnel to execute its functions more promptly. At this level, appellate counsel for the Government add that the accused's defense counsel

---

[1] The delay in this case is aggravated by the fact, as found by the trial judge, that the accused was coerced into signing a waiver and compelled to work during his pretrial confinement at hard labor with sentenced prisoners. This included "breaking up rocks with a sledgehammer." *Cf.* United States v Broy, 14 USCMA 419, 34 CMR 199 (1964).

agreed to the trial date of July 28 and that his client should be held to that agreement.

The first period of delay occurred from April 24, the date of the accused's confinement, until May 24 when the pretrial investigation was commenced. This delay was due to the Government's desire to await receipt of the formal Criminal Investigations Division report on accused's alleged offenses prior to proceeding. Once begun, the pretrial investigation had to be terminated because of a faulty recording machine, but the defense promptly waived further proceedings and the charges were forwarded on May 26 to the general court-martial convening authority.

Despite this prompt and cooperative action on the part of the defense, the pretrial advice was not drafted until June 27, and the charges were not referred to trial until July 8. Moreover, the proceedings establish that the defense counsel sought on at least two occasions between May 24 and June 2 to ascertain when the case would be tried.

After reference of the charges, the case was set for trial on July 21, 88 days after the accused was confined. On July 19, the trial counsel informed defense counsel that trial on that date was impossible due to the unavailability of a military judge. It was only then that counsel "agreed" to a new trial date of July 28.

In United States v Burton, supra, we stated:

> [A] presumption of an Article 10 violation will exist when pretrial confinement exceeds three months. In such cases, this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.

21 USCMA at 118, 44 CMR at 172.

We added in United States v Marshall, 22 USCMA 431, 435, 47 CMR 409, 413 (1973), that the *Burton* ruling included time allowances for the several necessary pretrial stages through which a case must progress and that

> when a *Burton* violation has been

raised by the defense, the Government must demonstrate that really extraordinary circumstances beyond such normal problems as mistakes in drafting, manpower shortages, illnesses, and leave contributed to the delay. Operational demands, a combat environment, or a convoluted offense are examples that might justify a departure from the norm. Absent these or similar circumstances, the delay beyond 90 days cannot be justified by a showing that it was caused by difficulties usually encountered in the processing of charges for trial.

 *Marshall* governs our decision in this case. The principal delays were occasioned by failure to convene the pretrial investigation until the CID had submitted its report and the 25 days needed to complete the pretrial advice. We have rejected the need to complete a criminal investigation report as an excuse for pretrial delay. United States v Williams, 16 USCMA 589, 37 CMR 209 (1967). And the Government attributes the delay in preparing the advice to no more than a lack of clerical support, which we stated in *Marshall* to be an unacceptable explanation. Finally, contrary to the Government's assertion at this level, there was no agreement by the defense to a trial date of July 28 rather than July 21. The record establishes that the prosecutor informed the accused's attorney that the court *could not be convened on July 21* and it was only then that a new trial date was set. This is hardly a sufficient basis for concluding that this delay should be attributed to the accused.

We are not unsympathetic with the many problems the Government frequently encounters in bringing an accused to trial. As we said in United States v Marshall, supra, most of these were considered in determining that prosecution must be had within 3 months after the accused's confinement. If there are extraordinary circumstances or unusual difficulties in prosecuting a particular case, the Government should make them a matter of record in replying to a defense motion for dismissal of the charges. Similarly, if there is in fact defense agreement to delay of the prosecution it also should be noted on the

record. Only under such circumstances will this Court be able to make a proper resolution of the issue. Appellate argument, however well-intentioned, cannot be substituted for the facts.

The decision of the U.S. Navy Court of Military Review is reversed. The findings of guilty and sentence are set aside and the charges are ordered dismissed.

Judge QUINN concurs.